UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

CIVIL ACTION NO. 5:26-CV-00014-JHM

KARIM ZEIN                                                                                    PLAINTIFF

v.

LT. DELVIN F. NIELSEN, *et al.*                                                      DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Plaintiff Karim Zein filed the instant *pro se* civil-rights action under 42 U.S.C. § 1983. [DN 1]. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss some claims and allow other claims to proceed.

### I.

Plaintiff Karim Zein is incarcerated as a convicted prisoner at Kentucky State Penitentiary ("KSP"). He sues three KSP officials, Lieutenant Delvin F. Nielsen, Warden Laura Plappert, and Officer William Duvall, in their official and individual capacities. He alleges that they have violated his constitutional rights during his incarceration at KSP. As relief, Plaintiff seeks damages.

### II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the complaint under 28 U.S.C. § 1915A. Under § 1915A, the Court must review the complaint and dismiss the complaint, or any portion of the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III.

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001) (citation omitted). Two elements are required to state a claim under § 1983. *Id.* (citations omitted). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

## A. Official-Capacity Claims

As stated above, Plaintiff sues all three Defendants, who are state officials, in their official capacities. When state officials are sued in their official capacities for damages, they are not "persons" subject to suit within the meaning of § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (concluding that a state, its agencies, and its officials sued in their official capacities for damages are not considered persons for the purpose of a § 1983 claim). Thus, the Court will dismiss Plaintiff's official-capacity § 1983 claims for failure to state a claim upon which relief may be granted.

## B. Individual-Capacity Claims

### 1. Eighth Amendment Excessive Force

Plaintiff alleges that Defendants Duvall and Nielsen used excessive force against him while transporting Plaintiff to the "strip out" cages. Additionally, Plaintiff alleges that Defendant Duvall failed to protect him from the excessive force of Defendant Nielsen. Based upon this allegation, the Court will allow an Eighth Amendment excessive-force claim to proceed against Defendants Duvall and Nielsen and an Eighth Amendment failure-to-protect claim to proceed against Defendant Duvall in his individual capacity. In allowing these claims to proceed, the Court passes no judgment upon their merits or upon the ultimate outcome of this action.

In as much as Plaintiff sues Defendant Duvall for threatening Plaintiff with the use of a taser, Defendant Duvall's alleged verbal threats, even accompanied by brandishing his taser, do not rise to the level of a constitutional violation. *See e.g.*, *Witten v. Schafer*, No. 5:23CV-P34-JHM, 2023 WL 5193772, at *1–2 (W.D. Ky. Aug. 11, 2023) (dismissing for failure to state a claim prisoner's claim that guard "approached [plaintiff's] cell, opened the tray slot, pointed a can of [OC] vapor spray . . . and threatened to spray the plaintiff if he, at that instant, did not scrape a piece of paper off the wall

3

of his cell"); *Thornton v. Sevier Cnty. Jail*, No. 3:23-CV-191-CLC-JEM, 2023 WL 4707133, at *7 (E.D. Tenn. July 24, 2023) ("Plaintiff's claim that Defendant Sutton threatened to use a TASER on her fails to state a claim upon which relief may be granted under § 1983 because verbal harassment or threats made by prison officials toward an inmate do not rise to the level of unnecessary and wanton infliction of pain proscribed by the Eighth Amendment.") (citing *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987)).  Therefore, Plaintiff's claim that Defendant Duvall verbally threatened Plaintiff will be dismissed for failure to state a claim.

### 2. *Equal Protection*

Plaintiff asserts that his Fourteenth Amendment rights were violated by the denial of equal protection under the law.  Specifically, Plaintiff alleges that Defendants Duvall and Nielsen's use of excessive force, Defendant Duvall's failure to stop Defendant Nielsen, and Defendant Duvall's threat to use a taser on Plaintiff denied Plaintiff's right to equal protection.

The Fourteenth Amendment's Equal Protection Clause "is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985).  The threshold element of an equal protection claim is disparate treatment. *Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011) ("To state an equal protection claim, a plaintiff must adequately plead that the government treated the plaintiff 'disparately as compared to similarly situated persons and that such disparate treatment either burdens a fundamental right, targets a suspect class, or has no rational basis.'") (citation omitted).

Here, Plaintiff's brief reference to being denied equal protection under the law is too conclusory to state an equal protection claim. *See Iqbal*, 556 U.S. at 678 (holding that a complaint does not suffice if it tenders "'naked assertion[s]'" devoid of "'further factual enhancement'" ) (citation omitted); *Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to

relief above the speculative level[.]"); *see also Brown v. Slaubaugh*, No. 3:18-CV-P762-RGJ, 2021 WL 3754553, at *2 (W.D. Ky. Aug. 24, 2021) (same). Consequently, Plaintiff's Fourteenth Amendment Equal Protection claim will be dismissed for failure to state a claim.

### 3. *Fourth Amendment Unreasonable Search*

Plaintiff alleges that Defendants Duvall and Nielsen either strip searched Plaintiff or ordered the strip search of Plaintiff in violation of the Fourth Amendment. Based upon this allegation, <u>the Court will allow a Fourth Amendment unreasonable search claim to proceed against Defendant Duvall and Nielsen in their individual capacitie</u>s. In allowing this claim to proceed, the Court passes no judgment upon its merit or upon the ultimate outcome of this action.

### 4. *Supervisory Liability against Defendant Plappert*

Plaintiff alleges that Defendant Plappert is liable for the alleged constitutional violations because she is the head of KSP and in charge of the officers' conduct. Plaintiff contends that Defendant Plappert should have done more than merely terminate Defendant Nielsen who was involved in Plaintiff's assault.[1] With these allegations, it appears that Plaintiff seeks to hold Defendant Plappert liable in her supervisory role as the warden of KSP. However, the doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80–81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Supervisory liability "must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act.'" *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)). Indeed, "a plaintiff must

---

[1] Plaintiff attaches as an exhibit to his complaint the termination letter of Defendant Nielsen authored by Warden Plappert for his use of "excessive force on Inmate Karim Zein." [DN 1 at 61].

plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

Thus, because Plaintiff's claims against Defendant Plappert are not based on any active unconstitutional conduct, but rather a failure to act based upon Plaintiff's grievances and reports of the alleged misconduct, the Court concludes that Plaintiff's individual-capacity claim against Defendant Plappert must also be dismissed for failure to state a claim upon which relief may be granted.

## VI.

For the reasons set forth above, **IT IS HEREBY ORDERED** that:

1.  Plaintiff's official-capacity claims, equal protection claims, and supervisory liability claim are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

2.  The Court will allow the following claims to proceed against Defendants in their individual capacity: Eighth Amendment excessive force claim against Defendants Duvall and Nielsen; Eighth Amendment failure-to-protect claim against Defendant Duvall; Fourth Amendment strip-search claim against Defendants Duvall and Nielsen.

3.  The Clerk of Court is **DIRECTED** to terminate Defendant Plappert from this action.

4.  The Court will enter a Service and Scheduling Order to govern the development of this action.

Date: May 22, 2026

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:    Plaintiff, *pro se*
4414.014

6